J-S43019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRACEY RAYNARD BRADLEY | |
| Appellant | No. 2230 MDA 2015 |

Appeal from the PCRA Order November 24, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004137-2010

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 05, 2016**

Appellant, Tracey Raynard Bradley, appeals *pro se* from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). Bradley raises multiple challenges to the PCRA court's decision. After careful review of Bradley's filings and the rest of the certified record, we affirm on the basis of the PCRA court's substantive reasoning.

A jury convicted Bradley of first-degree murder and associated crimes arising from the murder of Lee Choppin in Choppin's motel room. This Court affirmed the judgment of sentence on February 25, 2014. The Supreme Court of Pennsylvania declined allowance of appeal on July 25, 2014. On May 5, 2015, Bradley filed the instant, timely first PCRA petition.

Counsel was appointed to represent Bradley, but subsequently was permitted to withdraw under **Tuner/Finley** procedures. The PCRA court

provided Bradley with notice of its intent to dismiss his petition. In response, Bradley filed a request to be permitted to file an amended PCRA petition, which the PCRA court denied, while granting Bradley additional time to respond to its notice to dismiss. Bradley did not respond, and the PCRA court dismissed his petition. This timely appeal followed.

As a prefatory matter, we must address whether Bradley has waived all issues on appeal pursuant to Pa.R.A.P. 1925. The PCRA court ordered Bradley to file a statement of matters complained of on appeal, and has notified us that it never received such a document from Bradley. The Commonwealth rightly argues that Bradley's failure to comply with the PCRA court's directive renders all of Bradley's issues on appeal waived. *See Commonwealth v. Hill*, 16 A.3d 484 (Pa. 2011).

In response to the PCRA court's and Commonwealth's arguments, Bradley has filed multiple documents with this Court in an attempt to establish that he mailed a statement of matters complained of on appeal to the PCRA court from the prison in which he is incarcerated. Normally, this situation would call for a remand to the PCRA court to make factual findings regarding whether Bradley has complied with Rule 1925 pursuant to the prisoner mailbox rule. *See Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997).

In this case, however, we conclude that such a step would be a waste of judicial resources, as the PCRA court, in addition to asserting Bradley's

non-compliance with Rule 1925, has thoroughly and adequately addressed the claims Bradley seeks to raise on appeal, to the extent that we can identify them. To the extent that Bradley is seeking to raise issues in addition to those addressed by the PCRA court, we conclude such issues are waived due to the substantial defects in Bradley's briefs.[1]

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

---

[1] "When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." **Giant Food Stores, LLC v. THF Silver Spring Development, L.P.**, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-943 (Pa. Super. 2006). This Court does not take on the mantle of advocate and perform as appellant's counsel. **See Commonwealth v. Maris**, 629 A.2d 1014, 1017 (Pa. Super. 1993).

"[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. ***See*** 42 Pa.C.S.A. § 9543(a)(3).

Bradley first argues that his right to be free of coercive questioning was violated. As the PCRA court accurately notes, however, this issue has been extensively litigated at trial and on direct appeal. ***See*** PCRA Court Opinion, 2/23/16, at 1-2. It is therefore not the basis for relief under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(3).

Next, Bradley argues, in a multifaceted attack,[2] that the Commonwealth failed to prove the cause of Choppin's death. Once again the PCRA court correctly notes that this issue was extensively litigated at trial and on direct appeal, is therefore not a basis for relief under the PCRA. ***See*** PCRA Court Opinion, 2/23/16, at 1, 3.

Bradley's final arguments are all based on allegations of trial counsel ineffectiveness. It is well settled that

---

[2] Among others, Bradley contends that the Commonwealth's medical expert committed perjury at trial.

- 4 -

> [t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012).

"Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa. 2010) (citation omitted). A failure to satisfy any prong of the test will require rejection of the claim. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

The right to an evidentiary hearing on a post-conviction petition is not absolute. *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. *See id*. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *See Commonwealth v. Hardcastle*, 701 A.2d 541, 542-543 (Pa. 1997).

In "ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." ***Commonwealth v. Bauhammers***, 92 A.3d 708, 726-727 (Pa. 2014) (citation omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (citations and internal quotation marks omitted). We review a PCRA court's decision to deny a claim without a hearing for an abuse of discretion. ***See id***.

In reviewing Bradley's claims of ineffective assistance of trial counsel, the PCRA court found that Bradley had failed to establish arguable merit for any of them. ***See*** Trial Court Opinion, 2/23/16, at 3-8. We can discern no abuse of discretion in the trial court's reasoning, and therefore affirm on that basis.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/5/2016

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA　　：　　NO. CP-67-CR-4137-2010

v.

TRACEY R. BRADLEY,　　　　　　　：
　　　　　　　Defendant　　　　　　　：

APPEARANCES:

　　　　JAMES ZAMKOTOWICZ, Esquire
　　　　Assistant District Attorney

### TRIAL COURT'S 1925(a) STATEMENT

Defendant has appealed to the Superior Court from the Trial Court's order Denying

PCRA entered on November 24, 2015.

The Trial Court issued a directive to Defendant on December 21, 2015, to file a

Statement of Errors Complained of on Appeal (hereinafter "Statement") pursuant to

Pennsylvania Rule of Appellate Procedure 1925(b). To date, Defendant has not filed a

Statement. As a result, the Trial Court requests that the Superior Court dismiss

Defendant's appeal for failure to file a Statement.

If Defendant's appeal is not dismissed, then this 1925(a) Statement is submitted

as a supplement to the record and the Trial Court's order of November 24, 2015.

### PREVIOUSLY LITIGATED ISSUES UNDER THE PCRA

According to the Post Conviction Relief Act, to be entitled to relief under the Act,

the allegation of error must not have been previously litigated or waived. 42 Pa.C.S.A.

§9543 (a)(3). An issue has been previously litigated if the highest appellate court in

which the petitioner could have had review as a matter of right has ruled on the merits of

the issue.   42 Pa.C.S.A. 9544(a).

## DEFENDANT'S CONFESSION

In Defendant's pro se PCRA, he claims that his rights under the 5th and 14th Amendments as held in <u>Miranda v. Arizona</u> as well as <u>Commonwealth v. Gwyn</u> were violated.

In this case, the issue of Defendant's confession was raised in an Omnibus Pre-Trial Motion filed on October 4, 2010, seeking to suppress Defendant's statements to police.   After hearings on the Motion, the Trial Court denied the Omnibus Pre-Trial Motion on March 2, 2011.

This issue was again raised in Defendant's Post-Sentence Motion filed on November 7, 2012.  The Trial Court denied this Motion by Order entered on April 8, 2013, and Memorandum Opinion entered on April 10, 2013.

A timely appeal to the Superior Court was filed on April 30, 2013.   This issue was again raised as part of this appeal.   The Superior Court affirmed the Trial Court on February 25, 2014.   Defendant filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which was denied on July 25, 2014.

Because the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, this issue has been previously litigated and Defendant is not entitled to PCRA relief.

## CAUSE OF DEATH

In Defendant's Pro Se PCRA, he contends that the evidence was legally insufficient to establish the cause of death beyond a reasonable doubt.   This issue was

2

raised during trial. Defendant had his own expert, Dr. Jonathan Briskin, testify regarding the cause of death. (N.T., 9/10/12, pages 820-873). Defendant claimed at trial that this expert supports Defendant's contention that the Victim died of natural causes. The jury chose not to believe Defendant's expert witness.

This issue was also raised in Defendant's Post-Sentence Motion, which was denied by the Trial Court by Order entered on April 8, 2013, and Memorandum Opinion entered on April 10, 2013.

This issue was also raised on appeal to the Superior Court. The Superior Court affirmed the Trial Court on February 25, 2014. Defendant filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which was denied on July 25, 2014.

Because the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, this issue has been previously litigated and Defendant is not entitled to PCRA relief.

## WITNESSES TEARA HARDY AND AMANDA JO WIRE-WILLIAMS

Defendant also contends in his pro se PCRA that the testimony of Commonwealth witnesses Teara Hardy and Amanda Jo Wire-Williams was prejudicial, as having an interest in the outcome of the trial. At the outset, all Commonwealth witnesses are prejudicial to one extent or another, otherwise they would not be called by the Commonwealth to testify against defendant. Also, if Defendant is trying to claim ineffective assistance of counsel, he is required to demonstrate:

1. That the underlying claim is of arguable merit;

3

2. That counsel's action or inaction was not grounded on any reasonable basis designed to effectuate his client's interest; and

3. That but for that act or omission, the outcome of the proceedings would have been different.

Commonwealth v. Abu-Jamal, 553 Pa. 485, 505, 720 A.2d 79 (1998)(citation omitted). "There is a presumption in our law that counsel is effective. It is Appellant's burden to prove all three prongs of this ineffectiveness standard." Id.(citations omitted). "Further, if, upon review, it is clear that Appellant has failed to meet the prejudice prong, the claim may be dismissed on that basis alone without determination of whether the first and second prongs of the ineffectiveness standard have been met." Id. (citation omitted). "Also, a petitioner cannot obtain PCRA review of previously litigated claims by alleging ineffective assistance of counsel and presenting new theories of relief to support the previously litigated claims." Id. (citation omitted).

In this case, Amanda Williams testified that:

- On the date in question (5/26/10), she worked at the front desk at Motel 6 (N.T., 9/5/12, page 179);

- She identified Defendant as someone who was staying at the Motel 6 at that time and that she knows Defendant's name (N.T., 9/5/12, pages 179-180);

- She knows Defendant's voice from both in-person contact and over the phone (N.T., 9/5/12, pages 182-183);

- She recognized Defendant's voice on a phone call during which the caller requested no room service in room 128, the decedent's room (N.T., 9/5/12, pages 195-197).

On cross-examination, in an attempt to impeach Ms. Williams, Trial Counsel questioned her regarding how many guests were staying there that weekend because it

4

was Memorial Day weekend. (N.T., 9/5/12, page 207-208). Ms. Williams indicated that there were probably a lot of guests that weekend. (N.T., 9/5/12, page 208). Trial Counsel also asked her about how many phone calls she takes in any particular day. (N.T., 9/5/12, page 208). Ms. Williams indicated she can take as little as ten or as many as thirty or forty calls. (N.T., 9/5/12, page 208). Trial Counsel also elicited testimony from Ms. Williams that she was in contact with a substantial number of people during the Memorial Day weekend. (N.T., 9/5/12, page 209). The purpose of this cross examination was to give the jury reason to doubt whether Ms. Williams could have possibly identified Defendant or his voice out of all those phone calls or all those people she dealt with that weekend. (N.T., 9/5/12, page 209). There is no evidence, and Defendant has not provided any, that Ms. Williams had any interest whatsoever in the outcome of the trial, or any reason to believe that that was the case.

Teara Hardy testified that:

- She knows Defendant because he is her ex-boyfriend's father (N.T., 9/6/12, page 557);

- On the day of decedent's death, she saw Defendant come out of a first floor motel room carrying a laptop bag and some keys with a string wrapped around it (N.T., 9/6/12, pages 568-569);

- Defendant handed a passenger in Ms. Hardy's car the laptop bag (N.T., 9/6/12, page 570);

- She saw Defendant get into a silver van and drive off [which turned out to be the same type as decedent's] (N.T., 9/6/12, page 574).

Ms. Hardy also testified that she had been charged with Receiving Stolen Property in connection to this case, and that she expects to be admitted into the ARD program in exchange for her truthful testimony. (N.T., 9/6/12, pages 577-579). Hence the jury

5

was well aware that she expected to receive something in exchange for her testimony. On cross-examination, Trial Counsel elicited testimony from Ms. Hardy that she has not been accepted into the ARD Program yet because they were waiting for Defendant's trial to take place. (N.T., 9/6/12, pages 579-580).

Given the foregoing, Defendant is not entitled to PCRA relief for ineffective assistance of counsel because he has failed to meet his burden to show that his claim has arguable merit, that Trial Counsel's action or inaction was not grounded on any reasonable basis designed to effectuate Defendant's interest, nor has he met his burden to show that but for that act or omission, the outcome of the proceedings would have been different. Therefore, this claim fails to meet all three prongs of the ineffectiveness standard.

## FAILURE TO ADEQUATELY CROSS-EXAMINE COMMONWEALTH WITNESSES

Defendant contends that Trial Counsel was ineffective for failing to adequately cross-examine several Commonwealth witnesses, including the arresting officers (regarding Defendant's statements to police), Teara Hardy and Amanda Williams (regarding whether they had an interest in the outcome of the case), and Dr. Mihalakis (regarding the cause of death).

The Trial Court has previously addressed the testimony of Teara Hardy and Amanda Williams above.

In regard to the arresting officers, Detective John Hartley, who was one of the Officers who took custody of Defendant, was extensively cross-examined by Trial Counsel regarding why the Officers took Defendant to Headquarters instead of Central

6

Booking, whether he was Mirandized, about Defendant requesting to speak to his Attorney, who initiated the conversation, and the length of time Defendant was in custody. (N.T., 9/7/12, pages 690-693, 699-702). There is no indication, and Defendant has not provided any, that Trial Counsel's cross-examination of Detective John Hartley was in any way ineffective.

Likewise, Trial Counsel extensively cross-examined Detective David Steffen, the other Officer who took custody of Defendant. (N.T., 9/10/12, pages 751-755). Trial Counsel questioned Detective Steffen regarding the timeline, Defendant's request for an Attorney and whether that Attorney was contacted and provided for Defendant, about taking Defendant back to Headquarters instead of Central Booking, and the length of the interrogation. (N.T., 9/10/12, pages 751-755). Again, there is no indication, and Defendant has not provided any, that Trial Counsel's cross-examination of Detective David Steffen was in any way ineffective.

In regard to Dr. Isadore Mihalakis and his testimony regarding the cause of death, Trial Counsel not only cross-examined Dr. Mihalakis (N.T., 9/10/12, pages 809-812), but Trial Counsel also called his own expert, Dr. Jonathan Briskin, for the defense to contradict the findings of Dr. Mihalakis. (N.T., 9/10/12, pages 820-873). As a result, there is no indication that Trial Counsel was ineffective in the cross-examination of Dr. Mihalakis, or by calling Dr. Briskin to contradict his testimony.

Given the foregoing, Defendant's claims of ineffective assistance of counsel do not have arguable merit, and Defendant has failed to meet the burden of proving that counsel's action or inaction was not grounded on any reasonable basis designed to

7

effectuate Defendant's interest and that but for that act or omission, the outcome of Defendant's trial would have been different. Therefore, Defendant's claims fail to meet all three prongs of the ineffectiveness standard.

The Clerk of Courts is directed to provide a copy of this order to Attorney James Zamkotowicz and to Defendant Tracey R. Bradley.

BY THE COURT:

GREGORY M. SNYDER,
Judge

Date: 2.23.16

8